**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**DAVID CORDOVA**,

    Plaintiff,

vs.                                                         **No. 13cv1025 MCA/ACT**

**UNITED STATES POSTAL SERVICE DRIVER C-48 "Norman";
UNITED STATES POSTAL SERVICE,**

    Defendant.

**MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT**

**THIS MATTER** comes before the Court on pro se Plaintiff David Cordova's Application to Proceed in District Court Without Prepayment of Costs and Fees, filed October 23, 2013, *see* Doc. 2 (hereinafter called "motion to proceed IFP"), and on the Court's concomitant obligation "to review the affidavit and screen [his] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. If the Court determines that "the allegation of poverty is untrue," or that a complaint filed without the prepayment of filing fees fails to state a claim or "seeks monetary relief against a defendant who is immune from such relief," it must dismiss the case. *See* § 1915(e)(2)(A), (B); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n. 5 (10th Cir. 2006) (noting that dismissal of complaints under § 1915(e) is now mandatory).

**I. Cordova has not submitted sufficient financial information.**

Regarding the ability-to-pay prong of the IFP analysis, IFP status should be granted only if a plaintiff demonstrates that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and his dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Cordova, who is 45 years old, has 16 years of education, and apparently is not currently employed. *See* Doc. 2 at 2. He may be single, but he has two minor dependents - one of whom is only 3 years old, and he apparently does not receive child support from their mother. *See id.* at 2, 3. He receives $367/month in public assistance. *See* Doc. 2 at 2. Cordova's application indicates that he has not worked for what is apparently his own company since December 2012, but his Complaint inconsistently seeks compensation for "missed work" in May 2013. *See id.*; Compl. at 5. Cordova left blank the spaces where he was to state the amount of cash he has, and he states that he has no banking or savings accounts and no assets or debt. *See id.* at 2-3. Yet he purports to pay many types of bills, including rent, utilities, medical expenses, and installment payments for an automobile that he does not list as his asset. Cordova states that he spends $2140/month on various expenses without any source of income or assets, and apparently without going into debt, which appears to be impossible. Cordova states that he cannot afford to pay filing fees because he "lost [his] vision" – even though he was driving his vehicle when the May, 2013 accident that forms the basis of his Complaint occurred, and he sees well enough to prepare the application and Complaint. He also states that he has had "several surgeries in the past two years," but he states that he does not expect for his income to change - which presumably means that he has not applied for disability benefits. If Cordova is being supported by someone else, he must say so instead of swearing that he is paying for his expenses. Cordova has not listed a physical

address, and he gives no information regarding where his children live.  Without more information to resolve the inconsistencies in his financial affidavit and Complaint, and without knowing how much cash Cordova has, the Court cannot grant permission to proceed IFP because Cordova has thusfar failed to show that he cannot, because of poverty, provide himself and his dependents with the necessities of life and pay the filing fee.  *See Adkins*, 335 U.S. at 339.  His application to proceed IFP will, therefore, be denied and his Complaint must be dismissed.  *See* § 1915(e)(2)(A); *Trujillo*, 465 F.3d at 1217 n. 5.  As discussed below, his Complaint must be dismissed even if he were indigent.

**II.    Applicable legal standards**

In determining whether Cordova has stated a cognizable federal claim against the United States Postal Service and its employee, the Court will accept as true Cordova's factual allegations and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to him.  *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).  But the Court "will not supply additional facts, [or] construct a legal theory for [a] plaintiff that assumes facts that have not been pleaded."  *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

**III.   Allegations in Cordova's Complaint.**

Cordova states that, on May 13, 2013, he was driving in Santa Fe when a United States Postal Service truck driven by Norman pulled out of a driveway and hit Cordova's 2007 Ford pickup. Compl. at 2, 3.  Cordova's truck had damage to the passenger-side front end and bumper; the USPS truck had only a damaged antenna.  *Id.* at 3.  Cordova's son, who was a passenger, was not hurt, but Cordova went to the emergency room because he "was not feeling good" and Cordova filed a police report.  *Id.*  Cordova states that he and his son were "in shock with car accident."  *Id.*

Cordova filed a claim with the USPS, but it was denied. *See id.* Cordova seeks $15,000 for repair costs, hospital bills, missed work, and pain and suffering. *Id.* at 5.

### IV. Cordova has failed to invoke subject-matter jurisdiction under § 1983.

"Federal courts are courts of limited jurisdiction, and the presumption is that they lack jurisdiction unless and until a plaintiff pleads sufficient facts to establish it." *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994). "[T]he party pleading jurisdiction must allege in his pleading the facts essential to show jurisdiction." *Id.* (internal quotation marks omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

Neither the United States, its departments and agencies, nor its employees acting within their scope of employment may be sued without the United States' explicit waiver of sovereign immunity. A waiver of

> sovereign immunity must be strictly construed in favor of the sovereign and may not be extended beyond the explicit language of the statute. It long has been established, . . . that the United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain suit. A waiver of sovereign immunity cannot be implied, but must be explicitly expressed.
>
> \* \* \* \*
>
> The burden is on the [plaintiff] to find and prove an explicit waiver of sovereign immunity.

*Fostvedt v. United States*, 978 F.2d 1201, 1202-03 (10th Cir. 1992) (internal quotation marks and citations omitted).

Cordova is suing the United States Postal Service and its employee only under 42 U.S.C. § 1983. *See* Compl. at 1-2. To invoke the Court's subject-matter jurisdiction under § 1983, a plaintiff

4

must allege facts showing that "some person has deprived him of a federally protected right;" and "that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  Cordova states, however, that neither the USPS nor its employee were acting under color of state law, and none of his factual allegations indicate that the employee violated his constitutional rights.  *See* Compl. at 1-2.  It has long been the law that § 1983 does not waive sovereign immunity for an action against a federal agency like the Postal Service.  *See Belhomme v. Widnall*, 127 F.3d 1214, 1217 (10th Cir. 1997) (noting that § 1983 "applies to actions by state and local entities, not to the federal government" and dismissing plaintiff's § 1983 claims against the Secretary of the Department of the Air Force because his complaint "does not reflect any allegation . . . that his superiors at Kirtland Air Force Base were acting under color of state law").  Cordova has failed to state a cognizable claim against the Defendants for violation of § 1983.  This Complaint, therefore, must be dismissed because it does not invoke the Court's subject-matter jurisdiction under § 1983.  *See Mehdipour v. Matthews*, No. 10-6073, 386 Fed. App'x 775, 778 n.3, 2010 WL 2748802, *3 n.3 (10th Cir. July 13, 2010) (unpublished) (holding that "a plaintiff's failure to properly allege a "state action" in a § 1983 complaint strips the district court of subject matter jurisdiction [] if jurisdiction is alleged under 28 U.S.C. § 1343(3)")..

Perhaps, however, since he claims that a USPS employee, acting within the scope of his employment, negligently caused an accident that injured his property and himself, Cordova is attempting to sue the United States under the Federal Tort Claims Act ("FTCA").  The FTCA provides the exclusive remedy for claims for monetary damages brought against federal employees who commit damaging negligent acts while acting within the scope of their employment, even if a

5

plaintiff improperly fails to name the United States as the defendant in his complaint. *See Pretlow v. Garrison*, No. 10–6206, 420 Fed. App'x 798, 802, 2011 WL 989849, *3 (10th Cir. March 22, 2011). The United States is the only proper defendant in a suit brought under the FTCA. *See id.*

> The FTCA waives the United States' sovereign immunity when federal employees are negligent within the scope of their employment under circumstances in which private individuals would be liable. *See* 28 U.S.C. §§ 2674, 1346(b).

*Tew v. United States*, 86 F.3d 1003, 1004-05 (10th Cir. 1996). It appears that Cordova may have fully exhausted his administrative remedies by filing an administrative claim with the USPS, and receiving a final notice of its denial. But he also did not sign his Complaint under penalty of perjury. *See* Compl. at 6 (showing that an individual named Shaun Fisher signed the Complaint under penalty of perjury, stating that Fisher is the plaintiff in the Complaint). Therefore, the Court will permit Cordova ten days to amend his Complaint to name only the United States as a defendant, to bring his claims under the FTCA instead of under § 1983, to sign the Complaint himself under penalty of perjury, and to either pay the filing fees or submit a financial application that lists his physical address, corrects the errors and cures the deficiencies set forth above, and fully explains to the Court how Cordova supports himself.

**IT IS ORDERED** that Cordova's motion to proceed IFP (Doc. 2) is DENIED and his Complaint is DISMISSED without prejudice for lack of subject-matter jurisdiction;

**IT IS FURTHER ORDERED** that, within ten days of the filing of this Order, Cordova shall pay the filing fees and file an amended Complaint or also file an amended application to proceed ifp as set forth above, or the case will be closed without further notice.

SO ORDERED this 5th day of November, 2013.

_____
**M. CHRISTINA ARMIJO**
**CHIEF UNITED STATES DISTRICT JUDGE**